## Taylor v. Barnhart

*A. M. Matthews,* for applicant.
*Simon B. John,* for respondent.

COFFROTH, *P.J.,* January 9, 1978—The application before us for disposition is a motion in no. 251 by counsel for Barnhart as plaintiff to strike off Taylor's counterclaim filed by him as defendant in that action, on the ground that the counterclaim precisely duplicates Taylor's claim as plaintiff in no. 250 "and could result in there being two verdicts on the same issue." The motion also challenges the propriety of Taylor's counterclaim on the ground that no. 251 is an appeal from a judgment of the justice of the peace in Barnhart's favor, and a counterclaim is now improper because Taylor had filed no counterclaim before the justice of the peace as provided in Pa.R.C.P.J.P. 315.

## COUNTERCLAIMS IN APPEALS FROM JUSTICE OF THE PEACE

Pa.R.C.P.J.P. 315A governs claims by a defendant in a civil suit before a justice of the peace and states in relevant part that: "The defendant, by filing his own complaint at least five (5) days before the date set for hearing, may assert in the case any claim against the plaintiff which is within the jurisdiction of a justice of the peace."

But the rule does not require the filing of a counterclaim by defendant when he is sued before the magistrate as a condition of preserving his claim on appeal. This is made clear in Pa.R.C.P.J.P. 1007 which provides as follows:

"A. The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

"B. The action upon appeal shall not be limited with respect to amount in controversy, joinder of causes of action or parties, counter-claims, added or changed averments or otherwise because of the particulars of the action before the justice of the peace."

Thus it is clear from the rule, as the Committee's note to the rule states: "Under subdivision B, the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the justice of the peace, subject of course to the Rules of Civil Procedure."

## DUPLICATION OF CLAIMS

Taylor filed his action against Barnhart in no. 250 on November 7, 1977, and filed his counterclaim against Barnhart in no. 251 on the same date. For purposes of this discussion we assume the correctness of Barnhart's contention that Taylor's complaint and counterclaim plead identical claims. From those facts, it does not necessarily follow that either claim should now be stricken.

As a general principle two actions for the same

claim are impermissible. See Renaldo v. Vivian, 26 Somerset 340 (1971), particularly the discussion of intrastate actions (343-5), and Cleveland, Painesville & Ashtabula Railroad v. Erie, 27 Pa. 380 (1856) Black, *J.*, there cited and analyzed. Ordinarily, the later filed duplicate action will be abated or stayed in favor of the one first filed, especially when the actions are in different jurisdictions: McIlwain v. McIlwain (No. 1), 27 Somerset 349 (1972); Renaldo v. Vivian, supra. Where the actions are filed in the same court, consolidation is a frequently suitable alternative to dismissal or stay of the later filed action. See Pa.R.C.P. 213; 1 P.L.E. 179, §51. Whether the claims are truly identical can best be determined in a consolidated trial, and if they are, a single verdict is rendered on them. See 1 Goodrich-Amram 2d §213(a) :13.1; 38 P.L.E. 9, §2. In such a trial, identical claims set forth in separate pleadings must merge and can produce only a single judgment. Even if separate verdicts or judgments should be rendered on identical claims, the principle of merger is applicable and the court at any time can protect a party from double liability.

Barnhart's present motion is, therefore, premature. We cannot accurately foretell before trial what will be the posture of identical actions at trial time. A duplicate action problem should not be resolved until necessary to do so, and where consolidation is appropriate that resolution should be made at the trial.

Here, both cases are at issue and are suitable for consolidation, in fact have already been scheduled for arbitration trial at the same date, place and time. Proper handling of identical claims by the trial body according to the principles of merger would eliminate any concern about double liability, as above discussed.

## ORDER

Now, January 9, 1978, the motion to strike off defendant's counterclaim in no. 251 is denied, and the actions filed to no. 250 and no. 251 are consolidated for arbitration trial.